IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WILLOWBROOK APARTMENT ASSOC., LLC, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No.: SAG-20-1818 |
| MAYOR & CITY COUNCIL OF BALTIMORE., *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

In this action, a group of housing providers in Maryland ("Plaintiffs") filed an Amended Complaint challenging the constitutionality of laws passed by several localities related to the novel Coronavirus ("COVID-19"). ECF 72. One of the localities, Defendant Howard County, Maryland ("Howard County"), has filed a motion to dismiss ("the Motion"), ECF 75. I have reviewed the Motion, Plaintiffs' Opposition, ECF 76, and Howard County's Reply, ECF 77. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons explained below, the Motion will be GRANTED in part and DENIED in part.

I.    FACTUAL BACKGROUND

A general summary of the facts set forth in Plaintiffs' Amended Complaint is provided in this Court's earlier opinion at ECF 66, and will not be reiterated herein. Relevant to this particular Motion, just three Plaintiffs specifically challenge the Howard County Rental Protection and Stability Act ("the Howard County Act"), which was enacted on May 23, 2020. However, two of those three Plaintiffs, Columbia Choice Apartments, LLC ("Columbia Choice") and Columbia

Stonehaven Associates, LLC ("Stonehaven"), do not oppose Howard County's motion to dismiss their claims. ECF 76 at 1 n.1.[1]

The Howard County Act generally prohibits housing providers from increasing a tenant's rent during the pandemic-related emergency declared by Maryland Governor Larry Hogan. *See* Howard County Code, Title 17, § 17.1200(B)(1) ("A landlord or mobile home park owner shall not… increase the rent or mobile home park fee"). The prohibitions also void rent increases that have already been agreed by contract but were scheduled to take effect during the declared emergency. *See* Howard County Code, Title 17, § 17.1200(B)(1); Salisbury City Code, Title 15, § 15.26.35. Finally, under the Howard County Act, housing providers may not notify a tenant about an anticipated rent increase during the health emergency, or within a "three-month period" after the emergency declaration expires. Howard County Code, Title 17, § 17.1200(C).

Jane Clauson submitted an affidavit, which is an exhibit to the Amended Complaint, as the authorized representative for Tilbury Limited Partnership ("Tilbury"), which owns residential rental units in Howard County. ECF 72-7. According to Clauson, Tilbury is burdened by substantially increased expenses during the pandemic, related to business continuity plans, public health incidents, tenant and staff safety protocols, and rising cleaning costs. *Id.* ¶ 8. Moreover, Tilbury has been unable to appropriately budget for, *inter alia*, capital improvements, utility costs, and a variety of tax expenses, because of the still-undetermined end date for the Baltimore City Act, and the concomitant gubernatorial emergency declaration. *Id.* ¶¶ 8-9. Tilbury has

---

[1] The parties dispute whether the claims asserted by Columbia Choice and Stonehaven should be dismissed with or without prejudice. As the basis for dismissal is the fact that those two plaintiffs have not, to date, alleged facts sufficient to establish their standing to sue, dismissal will be entered without prejudice.

experienced, and will continue to experience, monthly losses as a result of the specific prohibitions in the Howard County Act. *Id.* ¶¶ 4-7.

## II. LEGAL STANDARD

When a Rule 12(b)(1) motion contests the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and it may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.*; *see also White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) ("[W]hen a defendant raises standing as the basis for a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction," the court "may consider evidence outside the pleadings without converting the proceedings to one for summary judgment."). A district court should grant a motion to dismiss for lack of subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Morgan Stanley v. NIRAV BABU*, 2020 WL 1331995, at *3 (D. Md. Mar. 23, 2020) (quoting *Upstate Forever v. Kinder*, 887 F.3d 637, 645 (4th Cir. 2018)). When "jurisdictional facts are inextricably intertwined with [the facts] central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery." *Kerns v. United States,* 585 F.3d 187, 193 (4th Cir. 2009). Moreover, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Id.*

### III. ANALYSIS

#### A. Failure to Allege Compliance with Act

The affidavit Clausen submitted on behalf of Tilbury in connection with the original Complaint did not detail any specific financial losses Tilbury had suffered. *See* ECF 1-7. However, as summarized above, Clausen's revised affidavit contains the following allegations:

- "As a result of the [sic] Howard County's retroactive effect on pre-existing rent increases that took effect between March 5, 2020 and May 23, 2020, Tilbury lost $3,596.00 to which it is contractually entitled and will continue losing $776.00 per month to which it is contractually entitled." ECF 72-7 ¶ 4.

- "As a result of the Howard County Act's retroactive effect on rent increases that were agreed to on or before May 23, 2020, but that took effect after May 23, 2020, Tilbury has already lost $1,271.00 to which it is contractually entitled and will continue losing $530.00 per month to which it is contractually entitled." *Id.* ¶ 6.

- "As a result of the Howard County Act's prospective prohibition against rent increases for renewing tenants, Tilbury estimates that it has already lost $18,183.00 (through January 2021) that it otherwise would have been owed and/or received based on anticipated market-based increases, and that it will continue losing $3,394.00 per month based on the prohibited rent increases for leases that would have renewed since April 1, 2020." *Id.* ¶ 7.

Howard County contends that those factual allegations remain insufficient because they do not detail the mechanism by which Tilbury has lost the amounts it alleges, or cite evidence such as "ledgers, rent rolls, or sworn statements." ECF 75-1 at 9. This Court disagrees. Tilbury has now alleged its compliance with the Howard County Act by alleging that is suffered quantified financial losses attributable to its various prohibitions. Those facts, assumed to be true for purposes of this analysis, suffice to establish the injury required to create standing to sue and suffice under a notice pleading standard to state a viable claim for damages. Of course, because a defendant is permitted to raise the jurisdictional issue of standing at any point in the litigation, should discovery reveal

4

that Tilbury did not actually experience the losses it alleges, Howard County will be free to seek recourse under a summary judgment standard.[2]

### B. Lack of An Enforcement Mechanism

Finally, Howard County contends that dismissal is appropriate because there is no threat that it will prosecute violators or otherwise enforce the Howard County Act, which contains no enforcement mechanism. ECF 75-1 at 10-11. The direct injury Tilbury alleges, however, derives not from a prospective enforcement action but from the monetary loss resulting from its compliance with the Act's dictates. It defies reason to permit a jurisdiction to enact unenforceable statutes and then fault its citizens for deciding to comply. The Court's previous opinion noted that injury-in-fact could occur where "Plaintiffs are in compliance with the Acts and have suffered ascertainable monetary loss," ECF 66, which is precisely what Tilbury has alleged here. To the extent Tilbury has alleges financial harm from complying with a law Howard County enacted, Tilbury has standing to seek redress.

## IV. CONCLUSION

---

[2] Howard County briefly suggests, in a footnote, that Columbia Choice and Stonehaven have violated FRCP 11 by joining in the filing of the Amended Complaint before now seeking voluntary dismissal "after the County has spent significant time and resources addressing their claims." ECF 77 at 4 n.2. This offhand reference to Rule 11, untethered from any explicit claim for relief, falls short because it is grounded in speculation. *Id.* (speculating that voluntary dismissal "suggest[s] that they agree that they do not have standing to pursue their claims" and asserting in conclusory fashion that "[c]learly, the papers that [both Plaintiffs] previously filed with this Court were not well-grounded in fact or legally tenable"). While it is true that neither Plaintiff supplied an affidavit to support its amended claims and now voluntarily dismisses those claims, neither action necessarily belies a bad faith decision to pursue said claims despite knowing they would fail. Howard County supplies no evidence to the contrary. As such, the Court declines Howard County's oblique invitation to levy Rule 11 sanctions. Plaintiffs' recently-filed motion for leave to file surreply addressing this Rule 11 question will be denied, too, since the Court has already decided in their favor..

For the reasons set forth above, Howard County's Motion to Dismiss, ECF 75, is DENIED as to the claims asserted by Tilbury, and GRANTED as to the claims asserted by Columbia Choice and Stonehaven, which are dismissed without prejudice. Plaintiffs' Motion for Leave to File Surreply, ECF 78, will be DENIED. A separate Order follows.

Dated: March 15, 2021                                  /s/
                                         Stephanie A. Gallagher
                                         United States District Judge